■ THE SECOND PRESBYTERIAN CHURCH IN THE CITY OF NEW YORK, Appellant, v CENPARK REALTY LLC, Respondent, et al., Defendants. [885 NYS2d 418]—

Order, Supreme Court, New York County (Leland DeGrasse,

J.), entered March 14, 2003, which, to the extent appealed from as limited by the briefs, granted defendants' cross motion for an order compelling arbitration between plaintiff and defendant Cenpark Realty LLC, unanimously modified, on the law, the cross motion granted to the extent of limiting the arbitration to matters involving Cenpark's breach of contract claims accruing within six years of the cross motion to compel arbitration, and otherwise affirmed, without costs.

The motion court properly determined that the subject lease required arbitration of the dispute over Cenpark's claim to payments for increased property taxes. Plaintiff's argument that although the parties agreed to arbitrate a dispute as to the amount of an increase in real estate taxes caused by a change in the tax exemption enjoyed by plaintiff, there was no agreement to arbitrate the issue of whether any change had occurred in the first instance, is unpersuasive since the lease provision required arbitration of "any dispute" that may arise in this regard (see Reed Elsevier Inc. v Watch Holdings, LLC, 30 AD3d 222 [2006]). Nevertheless, to the extent Cenpark seeks relief for tax payments made beyond the six-year statute of limitations period for breach of contract claims (CPLR 213 [2]; 7502 [b]), such claims are, accordingly, time-barred (see Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 202 [1995], cert denied 516 US 811 [1995]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.